Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The facts show that on an occasion mentioned appellant passed certain officers near the city limits of Fort Worth; that he was driving rapidly, and upon observing the officers increased his speed so that he was going around fifty miles an hour. The officers' suspicions being aroused, they pursued him, and after overtaking and stopping him, the officers saw through the opened windows of the car a case of whisky. They said they could see the content of the jars and that same was red whisky. They could see this from the outside. They then searched the car and found it to contain twenty-four half gallons of whisky.

There are three bills of exception, each complaining of the testimony of the officers, based on the proposition that they had no right to search appellant's car without a search warrant. We do not believe the contention well founded. The officers observed sufficient evidence of the fact that the law was being violated, prior to their search of appellant's car. We think they had "probable cause," as that term is defined in numerous authorities.

Finding no error in the record, the judgment will be affirmed.

## BEARD v. STATE.
### No. 13930.

Court of Criminal Appeals of Texas.
Oct. 15, 1930.

Earl M. Greer, of Wills Point, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

### MARTIN, J.

Offense, the unlawful operation of a motor vehicle upon a public highway while under

the influence of intoxicating liquor; penalty, one year and one day in the penitentiary.

■ This record is here without any statement of facts or bill of exception. Nothing is presented for review. We note that the sentence shown in the transcript adjudges appellant to be guilty of the offense of "driving intoxicated." There is no such offense. The judgment will accordingly be reformed to correspond with the indictment, verdict, and judgment, and appellant is adjudged to be guilty of the offense of unlawfully driving a motor vehicle upon a public highway while under the influence of intoxicating liquor, and as so reformed, the judgment will be affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.